**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ARON LIGHTING LLC, a<br>Massachusetts limited liability company<br><br>Plaintiff,<br><br>v.<br><br>OPUS INNOVATION LLC, a Pennsylvania<br>limited liability company,<br><br>Defendant. | Civil Case No.:<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, ARON Lighting LLC, by and through its undersigned counsel, states as its complaint against defendant, OPUS Innovation LLC, the following:

## NATURE OF THE ACTION

1.      This is an action for patent infringement.  Defendant, Opus Innovation LLC, has infringed U.S. Patent 10,808,896, which is assigned to Plaintiff ARON Lighting, LLC.

## PARTIES

2.      Plaintiff ARON Lighting LLC ("Plaintiff" or "ARON") is a Massachusetts limited liability company having its principal place of business at 24 Portland Road, Suite 200, Conshohocken, Pennsylvania 19428.

3.      On information and belief, Defendant OPUS Innovation LLC ("Defendant" or "OPUS") is a Pennsylvania limited liability company having its principal place of business at 3430 Progress Drive, Suite H, Bensalem, Pennsylvania 19020.

## JURISDICTION AND VENUE

4.      Plaintiff's claim for patent infringement arises under the patent laws of the United States, including specifically 35 U.S.C. § 281.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

5.      This Court has personal jurisdiction over Defendant because it is incorporated in Pennsylvania and has its headquarters in this district.

6.      Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1400(b) because Defendant resides in this district.  Venue is also proper in this district because Defendant has committed acts of infringement in this district and has a regular and established place of business in this district.

## FACTUAL ALLEGATIONS

7.      Plaintiff is in the business of providing high quality, innovative interior LED lighting and lighting fixtures.

8.      On October 20, 2020, the U.S. Patent Office duly and legally issued U.S. Patent No. 10,808,896 (the '896 Patent), entitled "T-Bar Lighting Assembly" to Plaintiff.  A true and correct copy of the '896 Patent is attached hereto as Exhibit A.

9.      Plaintiff is the owner by assignment of all right, title, and interest in the '896 Patent.

10.     The '896 Patent is directed to innovative overhead lighting assemblies that connect to a ceiling support grid—such as a "T-bar" in a typical drop ceiling.

11.     The assemblies described and claimed in the '896 Patent permit installation of the lighting assembly using the T-bar as a support, and also using a ledge on the side of the lighting assembly to support the adjacent ceiling tile.  The effect of the invention is to permit the lighting assembly to be coupled to the T-bar support and to fit cleanly into the ceiling assembly.

2

12.     Defendant OPUS Innovation competes with Plaintiff in the market for LED lighting and lighting fixtures.

13.     Defendant OPUS learned of ARON's invention from a founder of ARON and former partner in Aron named Terence Yeo.  Yeo is also a co-inventor on the '896 patent.  On information and belief, Yeo provided OPUS with the schematics and specifications for ARON's product covered by the '896 patent, and OPUS copied those plans to create one or more infringing, competitive products, as further described below.

14.     Among the products currently sold by OPUS is the Minuet Double Recessed Grid lighting assembly.  A true and correct copy of a current specification sheet for the Minuet Double Recessed Grid fixture, downloaded from Defendant's website at opusled.com, is attached as Exhibit B.

15.     Prior to the current Minuet Double Recessed Grid product, Defendant made and sold an earlier version of the Minuet Double Recessed Grid.  A true and correct copy of a specification sheet for the earlier version of the product, dated July 3, 2020, is attached hereto as Exhibit C.

16.     Together, the current version and July 3, 2020 version of the Minuet Double Recessed Grid fixtures are referred to herein as the "Accused Products."

17.     Defendant has been, and currently is, making, using, offering for sale, selling, and/or importing into the United States the Accused Products, which infringes the '896 Patent.

18.     By way of example only, the Accused Products meets all the limitations of at least independent claim 12 of the '896 Patent as depicted in Exhibit B hereto:



19.     The earlier version of the Accused Products similarly meets all the limitations of

at least independent claim 12 of the '896 Patent as depicted in Exhibit C:



20.     On August 5, 2020, Plaintiff, through its counsel, sent a letter to Defendant

notifying Defendant of Plaintiff's pending and published U.S. Patent Application Publication No.

2017/0082252, which later issued as the '896 Patent.  The letter informed Defendant that ARON

sold a product covered by the patent, and that the Minuet Double Recessed grid fixture was

being sold by Defendant "in direct competition" with ARON's fixture.

21.     After learning of another project using Defendant's Minuet Double Recessed grid

fixture—to the exclusion of Plaintiff's competing product—Plaintiff sent an additional notice

letter on August 11, 2020.

22.     Persons working with Defendant were aware of the application for the '896 Patent

even before August 5, 2020.  For example, Plaintiff sent a notice letter similar to the one sent to

Defendant to Jaroslav Valerian at a company called Regalight on October 18, 2018.  Upon

information and belief, Mr. Valerian now works with Defendant, and his Linkedin page identifies him as an Executive Vice President at OPUS Innovation LLC.

23.    Defendant was therefore aware that the application for the '896 Patent was pending, and was aware of the '896 Patent's issuance on October 20, 2020.  On information and belief, OPUS was aware of this information through its association with ARON's former partner, Terence Yeo.

24.    Accordingly, Defendant's infringement has been willful since October 20, 2020.

25.    Defendant is not authorized in any way to use the '896 Patent.

26.    Defendant's infringement has caused Plaintiff lost sales and customers, and has harmed Plaintiff's business relationships.

## COUNT I

27.     Plaintiff hereby incorporates by reference each of the foregoing allegations as if set forth fully herein.

28.    Defendant has been and currently is making, using, offering for sale, selling, and/or importing into the United States products that infringe one or more claims of the '896 Patent.

29.    Defendant's conduct infringes one or more claims of the '896 Patent, in violation of 35 U.S.C. § 271(a).

30.     Defendant has been, and currently is, inducing infringement by selling the Accused Products to its customers along with instructions as to how to install and use the Accused Products in a manner that infringes one or more claims of the '896 Patent.  Defendant's conduct is in violation of 35 U.S.C. § 271(b).

31.    Defendant has been, and currently is, contributing to infringement by selling the Accused Products to customers in the United States.  Each of the Accused Products is a

component of a lighting assembly especially made or adapted for use in an infringement of the '896 Patent, and is not a staple article or commodity of commerce suitable for substantial non-infringing use.  Defendant's conduct is in violation of 35 U.S.C. § 271(c).

32.     Plaintiff will suffer irreparable harm from Defendant's ongoing infringement, unless the Court issues an injunction against Defendant, its agents, employees, and all persons acting in concert with them enjoining further manufacture and sale of the Accused Products, as well as further infringement of the '896 Patent.

33.      Defendant's infringement is and has been willful and done with full knowledge of Plaintiff's patent rights, and as a result Plaintiff is entitled to treble damages under 35 U.S.C. § 284.

34.     This is an exceptional case within the meaning of 35 U.S.C. § 285, and an award of appropriate attorney's fees is justified.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment in its favor and against Defendant finding Defendant liable for infringement of the '896 Patent, and the following relief:

A.     An award of Plaintiff's damages under 35 U.S.C. § 284, including increased damages up to three times the amount awarded.

B.     An award of Plaintiff's reasonable attorney's fees under 38 U.S.C. § 285.

C.     An award of Plaintiff's costs.

D.      An injunction under 35 U.S.C. § 283 barring further manufacture and sale of the Accused Products, and such other relief as is required to prevent the further violation of the '896 Patent.

E.     Such other relief as the Court deems just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38, Plaintiff ARON Lighting hereby

respectfully demands a trial by jury on all issues so triable.

Dated:  December 24, 2020                    **DUANE MORRIS LLP**

By:   _/s/David J. Wolfsohn_
David J. Wolfsohn (PA ID 57974)
DJWolfsohn@duanemorris.com
Joseph Powers (PA ID 84590)
JAPowers@duanemorris.com
Tyler Marandola (PA ID 313585)
TMarandola@duanemorris.com
30 S. 17th Street
Philadelphia, PA 19103
Tel:  (215) 979-1000
Fax: (215) 979-1020