IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| ARON LIGHTING LLC, a<br>Massachusetts limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>OPUS INNOVATION LLC, a Pennsylvania<br>limited liability company<br><br>Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: | Civil Action No: 2:20-cv-06491-AB<br><br>**JURY TRIAL DEMANDED** |

## <u>DEFENDANT'S ANSWER AND COUNTERCLAIMS</u>

Defendant, Opus Innovation LLC ("Defendant"), through its attorneys, hereby answers the Complaint of Aron Lighting LLC ("Plaintiff") as follows:

1.    Defendant admits that Plaintiff's Complaint alleges patent infringement and admits U.S. Patent No. 10,808,896 ("the '896 Patent") lists Plaintiff Aron Lighting LLC as assignee. However, Defendant denies any infringement, either literally or under the doctrine of equivalents, of the claims of the '896 Patent.

2.    Upon information and belief, Defendant admits the allegations in paragraph 2 of Plaintiff's Complaint.

3.    Defendant admits that Opus Innovation LLC is a Pennsylvania limited liability company but denies the remainder of the allegations set forth in paragraph 3 of Plaintiff's Complaint.  By way of further response, Defendant's principal place of business is located at 3580 Progress Drive, Suite B1, Bensalem, Pennsylvania 19020.

4.    Defendant admits the allegations in paragraph 4 of Plaintiff's Complaint.

5.    Defendant admits the allegations in paragraph 5 of Plaintiff's Complaint.

6.     Defendant admits that Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1400(b) and admits Defendant resides in this District. Defendant denies the remainder of the allegations in paragraph 6 of Plaintiff's Complaint.  Specifically, Defendant denies that it has committed any acts of infringement.

7.     Upon information and belief, Defendant admits Plaintiff is in the business of selling interior LED lighting and lighting fixtures. Defendant is without knowledge or information sufficient to form belief as to the truth of the remaining allegations of paragraph 7 of Plaintiff's Complaint, and therefore denies the same.

8.     Upon information and belief, Defendant admits the allegations in paragraph 8 of Plaintiff's Complaint.

9.     Defendant is without knowledge or information sufficient to form belief as to the truth of the allegations of paragraph 9 of Plaintiff's Complaint, and therefore denies the same.

10.     In response to the allegations in paragraph 10 of Plaintiff's Complaint, Defendant respectfully refers to the '896 Patent for a full and accurate statement of its content, as the document speaks for itself.  Defendant is without knowledge or information sufficient to form belief as to the truth of the allegations of paragraph 10 of Plaintiff's Complaint, and therefore denies the same.

11.     In response to the allegations in paragraph 11 of Plaintiff's Complaint, Defendant respectfully refers to the '896 Patent for a full and accurate statement of its content, as the document speaks for itself.  Defendant is without knowledge or information sufficient to form belief as to the truth of the allegations of paragraph 11 of Plaintiff's Complaint, and therefore denies the same.

12.     Defendant admits that it is one of many companies that competes with Plaintiff in the market for LED lighting and lighting fixtures.

13.     Defendant admits Terence Yeo is listed as a co-inventor on the '896 Patent. Defendant denies the remaining allegations of paragraph 13 of Plaintiff's Complaint.  By way of further response, Defendant specifically denies that it "copied" any schematics, specifications, or plans for Plaintiff's products as alleged in paragraph 13 of Plaintiff's Complaint.  By way of further response, Defendant did not learn of the '896 Patent from Terence Yeo. Defendant first became aware of the '896 Patent upon receiving Plaintiff's notice letter dated August 5, 2020. By way of further response, Defendant specifically denies that it created one or more "infringing, competitive products" as alleged in paragraph 13 of Plaintiff's Complaint.

14.     Defendant denies that it has made an actual sale of the Minuet Double Recessed Grid (the "Minuet Double").  By way of further response, Defendant has only offered for sale the Minuet Double. Defendant admits the remainder of the allegations in paragraph 14 of Plaintiff's Complaint.

15.     Defendant denies that it has physically made and sold any version of the Minuet Double but admits the remainder of the allegations in paragraph 15 of Plaintiff's Complaint.

16.     Defendant admits it developed an earlier version of its Minuet Double, referred to as the "July 3, 2020 version" in paragraph 16 of Plaintiff's Complaint.  Defendant also admits it developed the current version of the Minuet Double.  However, Defendant denies that either version of its products has ever infringed or is infringing any claims of the '896 Patent and thus denies the remainder of the allegations in paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies that it has made, used, sold, and/or imported into the United States the July 3, 2020 version of the Minuet Double.  Defendant admits that it has offered for

sale both the July 3, 2020 version and the current version of the Minuet Double. However, Defendant denies that it has actually produced, sold, used, or imported into the United States the current version of the Minuet Double.  Defendant denies the remainder of the allegations in paragraph 17 of Plaintiff's Complaint.  By way of further response, Defendant specifically denies that any of its actions or products, including the Minuet Double, infringe any claims of the '896 Patent.

18.     Defendant denies the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations set forth in paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits that it received a letter from Plaintiff's counsel dated August 5, 2020 stating that U.S. Patent Application Publication No. 2017/0082252, which later issued as the '896 Patent, was pending.  Defendant further admits that Plaintiff's letter alleged ARON sold a product covered by the pending patent application and that Defendant's Minuet Double was "in direct competition" with Plaintiff's fixture.  However, Defendant denies the remainder of the allegations as set forth in paragraph 20 of Plaintiff's Complaint.   By way of further response, Defendant denies that it ever sold the Minuet Double.

21.     Defendant admits that it received a letter dated August 11, 2020 from Plaintiff's counsel but is without knowledge or information sufficient to form belief as to the truth of the remaining allegations of paragraph 21 of Plaintiff's Complaint, and therefore denies the same.

22.     Defendant admits that Jaroslav Valarian is listed as Executive Vice President at Opus Innovation LLC on his LinkedIn page but is without knowledge or information sufficient to form belief as to the truth of the remaining allegations of paragraph 22 of Plaintiff's

Complaint, and therefore denies the same.  By way of further response, Jaroslav Valarian has not discussed the content of a letter dated October 18, 2018 allegedly sent to him by Plaintiff with Defendant.

23.     Defendant admits that it was aware that the application for the '896 Patent was pending upon receiving Plaintiff counsel's August 5, 2020 notice letter.  However, Defendant denies having any knowledge of the application before this date and denies any awareness of the '896 Patent's issuance on October 20, 2020 until receiving communications from Plaintiff after the '896 Patent's issuance.  Defendant denies the remainder of the allegations as stated in paragraph 23 of Plaintiff's Complaint.  By way of further response, Defendant and Terence Yeo did not discuss the existence of a pending application or the issuance of the '896 Patent prior to both Defendant and Yeo receiving letters from Plaintiff in August 2020.

24.     Paragraph 24 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 24 of Plaintiff's Complaint and specifically denies any infringement of the claims of the '896 Patent by Defendant.

25.     Defendant admits that it is not currently authorized to use the '896 Patent.

26.     Paragraph 26 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant specifically denies that it has infringed the claims of the '896 Patent. Defendant is without knowledge or information sufficient to form belief as to the truth of the remaining allegations of paragraph 26 of Plaintiff's Complaint, and therefore denies the same.

## COUNT I

27.     Defendant incorporates by reference its responses to the allegations as set forth above in all preceding paragraphs of Defendant' Answer and Counterclaims.

28.     Defendant denies the allegations set forth in paragraph 28 of Plaintiff's Complaint.  By way of further response, Defendant specifically denies that any of its products infringe one or more claims of the '896 patent.

29.     Paragraph 29 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 29 of Plaintiff's Complaint and specifically denies that Defendant's conduct infringes one or more claims of the '896 Patent.

30.     Paragraph 30 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant admits that Defendant provides instructions on how to install its products on its website but denies the remainder of the allegations set forth in paragraph 30 of Plaintiff's Complaint.  By way of further response, Defendant specifically denies that it has been or currently is inducing infringement.  Defendant also denies that any of its products infringe any claim of the '896 Patent.

31.     Paragraph 31 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 31 of Plaintiff's Complaint.  By way of further response, Defendant has not sold the Minuet Double, and none of Defendant's products, including the Minuet Double, infringe any clams of the '896 Patent.

32.     Paragraph 32 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies that any of its

products infringe any claims of the '896 Patent.  Defendant is without knowledge or information sufficient to form belief as to the truth of the remaining allegations of paragraph 32 of Plaintiff's Complaint, and therefore denies the same.

33.     Paragraph 33 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 33 of Plaintiff's Complaint and specifically denies that it has infringed Plaintiff's patent rights.

34.     Paragraph 34 of Plaintiff's Complaint states legal conclusions to which no response is required.  To the extent a response is required, Defendant denies the allegations set forth in paragraph 34 of Plaintiff's Complaint.

Any allegations in Plaintiff's Complaint Count I not expressly admitted by Defendant are hereby denied. Having answered Plaintiff's Count I, Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's Prayer for Relief or to any relief whatsoever, and Defendant requests that all such relief be denied *in toto*.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth in its Answer and without admitting any allegations of the Complaint not otherwise admitted, Defendant avers and asserts the following Affirmative Defenses to Plaintiff's Complaint:

## FIRST DEFENSE

1.     Plaintiff's Complaint fails to state any claim upon which relief may be granted.

## SECOND DEFENSE

2.     Upon information and belief as will likely be supported by evidence after a reasonable opportunity for further investigation and discovery, the '896 Patent is invalid for

failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including but not limited to 35 U.S.C. §§ 102, 103 and/or 112.

### THIRD DEFENSE

3.      Defendant has not infringed, contributed to the infringement of, and/or induced infringement of any valid claim of the '896 Patent and is not liable for infringement thereof.

### FOURTH DEFENSE

4.      Upon information and belief, Plaintiff knew or should have known that the design and use of any of Defendant's methods, systems, apparatuses and/or products do not infringe any of the claims of the '896 Patent, but nevertheless brought the present action against Defendant for the purpose of wrongfully excluding Defendant from the market for LED light fixtures and services.

### FIFTH DEFENSE

5.      Plaintiff has improperly used the existence of the '896 Patent to attempt to prevent the manufacture and sale of Defendant's products to its customers and potential customers.

### SIXTH DEFENSE

6.      By making wrongful accusations of infringement and by the filing of litigation for patent infringement against Defendant, Plaintiff has willfully and wrongfully sought to extend its control and monopolize the market for LED light fixtures and services in the United States, in full awareness that such conduct is wrongful and in reckless disregard for the rights of Defendant.

### SEVENTH DEFENSE

7.      By initiating and maintaining the present action, Plaintiff has engaged in patent misuse and vexatious litigation barring Plaintiff from any relief herein.

### EIGHTH DEFENSE

8.      On information and belief, Plaintiff has failed to meet the requirements of 35 U.S.C. § 287 and is not entitled to any damages prior to notifying Defendant of the alleged infringement.

### NINTH DEFENSE

9.      Defendant reserves the right to assert other affirmative defenses, under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses, at law or equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case.

### COUNTERCLAIMS

Defendant Opus Innovation LLC (hereinafter "Opus"), through its attorneys, hereby alleges its counterclaims against Plaintiff Aron Lighting LLC (hereinafter "Aron") as follows:

10.     Opus incorporates by reference all of the foregoing allegations and averments of its Answer and its Affirmative Defenses.

11.     Opus is a Pennsylvania limited liability company having a principal place of business located at 3580 Progress Drive, Suite B1, Bensalem, Pennsylvania 19020.

12.     Upon information and belief, Aron is a Massachusetts limited liability company having a principal place of business located at 24 Portland Road, Suite 200, Conshohocken, Pennsylvania 19428.

13.     Aron alleges it is the assignee of the '896 Patent and has alleged that Opus has infringed the claims of the '896 Patent.

14.     Opus denies infringement and asserts that the '896 Patent is not infringed and is invalid, and that an actual and present controversy exists between Opus and Aron.

15.     This counterclaim is for a Declaratory Judgment declaring that the '896 Patent is invalid, unenforceable, and/or not infringed by Opus arising under the patent laws of the United States, 35 U.S.C. § 1, *et seq*., and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

16.     Jurisdiction of this Court over Counts I-II of this Counterclaim is based upon 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202, and upon Rule 13 of the Federal Rules of Civil Procedure.

17.     Venue in this Court is proper pursuant to 28 U.S.C. § 1391, and Aron (as Plaintiff), by virtue of having brought suit against Opus (as Defendant), has submitted itself to the jurisdiction of this Court.

## COUNT I OF COUNTERCLAIMS
## DECLARATION OF NON-INFRINGEMENT

18.     The allegations of paragraphs 1-17 above are incorporated herein as if fully set forth here at length.

19.     As a counterclaim and ground for relief, Opus seeks a Declaratory Judgment that the '896 Patent is not infringed by Opus and incorporates paragraphs 1 through 18, *supra*, as a part of this count.

20.     Aron claims to be the assignee of the '896 Patent and has brought suit against Opus herein for alleged infringement of said patent, by reason of Opus's making and/or offering for sale the Minuet Double Recessed Grid fixture (hereinafter the "Accused Device").

21.     An actual case or controversy exists between Aron and Opus based upon Aron having filed a Complaint against Opus.

22.     Opus has not infringed any of the claims of the '896 Patent.

23.     The '896 Patent is not infringed by the Accused Device for at least the following reasons:

Opus's Accused Device does not infringe independent claim 1 of the '896 Patent because the Accused Device does not include one or more of the elements and limitations of claim 1. For example, the Accused Device does not include at least the following elements and limitations of claim 1:

> a central section disposed above the horizontal  portion of the T-bar mated to the T-bar such that the housing is supported by the T-bar . . .
> wherein the central section and first and second ledges of the housing extend along the length of the T-bar parallel to the longitudinal axis of the T-bar
> wherein the central section has a profile shaped to fit over and around the vertical portion of the T-bar.

24.     Opus's Accused Device does not include a central section, nor does Opus's Accused Device include a central section that extends the length of the T-bar parallel to the longitudinal axis of the T-bar (hereinafter a "longitudinally extending central section") as required by claim 1 of the '896 Patent.

25.     As seen in Exhibit A, the '896 Patent describes a "central section" that fits over the length of the T-bar's longitudinal axis.  As the '896 Patent's central section extends longitudinally, it extends the length of the T-bar which supports the lighting fixture. The '896

Patent's FIG. 2A, as seen in the attached Exhibit A, illustrates the configuration of the central section.

26.      Opus's Accused Device uses two end caps that secure the lighting assembly to a T-grid structure.   The end cap of the Accused Device does not constitute a longitudinally extending central section because the horizontal measurement of the end cap is significantly greater than the longitudinal measurement of the end cap.   As the horizontal dimension of the end cap exceeds its longitudinal dimension, the end cap does not "extend along the length of the T-bar parallel to the longitudinal axis of the T-bar" as required by independent claim 1.   Instead, the end cap configuration of the Accused Device results in an open space in the center of the fixture.   Therefore, the Accused Device does not include *any* central section, nor one that extends longitudinally as required by the '896 Patent's claim 1. The end caps of Opus's Accused Device are shown in Exhibit B attached hereto.

27.      Further, as Opus's Accused Device does not include a central section, it also does not include a central section with a "profile shaped to fit over and around the vertical portion of the T-bar" as required by claim 1.   The only component of the Accused Device that fits over the vertical portion of the T-bar is the end cap.   However, as the end cap does not constitute a "central section" as stated in paragraph 26, Opus's Accused Device does not infringe independent claim 1.

28.      As a result of the foregoing, Opus's Accused Device does not infringe independent claim 1 of the '896 Patent.

29.      Claims 2-11 of the '896 Patent are dependent on claim 1. Therefore, all of independent claims (2-11) also include the aforesaid elements and limitations of:

<u>a central section</u> disposed above the horizontal  portion of the T-
bar mated to the T-bar such that the housing is supported
by the T-bar . . .

wherein the <u>central section</u> and first and second ledges of the
housing <u>extend along the length of the T-bar parallel to the
longitudinal axis of the T-bar</u>

wherein the <u>central section has a profile shaped to fit over and
around the vertical portion of the T-bar.</u>

30.     Since Opus's Accused Device neither includes a central section, nor a central

section extending "along the length of the T-bar parallel to the longitudinal axis of the T-bar" as

required in independent claim 1 as well as dependent claims 2-11 of the '896 Patent, the Accused

Device does not infringe claims 1-11 of the '896 Patent.

31.     Opus's Accused Device also does not infringe independent claim 12 of the '896

Patent because the Accused Device does not include one or more of the elements and limitations

of claim 12.  For example, the Accused Device does not include at least the following elements

and limitations of claim 12:

A lighting assembly comprising . . . a housing . . . the housing
including . . .

a <u>longitudinally extending central section</u> configured to couple to a
T-bar of a suspension ceiling to support the housing when
fitted to the T-bar,

a <u>light source supporting section coupled to the central section,
wherein the  light source supporting section extends from a
first side adjacent the central section to a second side
spaced apart from the central section</u> . . . ."

32.     Opus's Accused Device does not include a "longitudinally extending central

section" as required by claim 12.

33.     Opus's Accused Device uses end caps near the perimeter of its lighting assembly

to secure the lighting assembly to the T-grid.  As the end caps' horizontal dimensions far exceed

their longitudinal dimensions, the end caps cannot "longitudinally extend[]."  Moreover, the

Accused Device does not include a central section, but instead has an open space as shown in Exhibit C, attached hereto.  Thus, Opus's Accused Device does not possess a central section at all, nor does it possess a longitudinally extending central section as required by claim 12.

34.     Opus's Accused Device further does not include a light source supporting section "adjacent to the central section" along the longitudinally extending length of the central section, nor does the Accused Device include a light source supporting section "coupled to [a] central section" as required by claim 12.

35.     Opus's Accused Device uses end caps to secure the fixture to a T-grid.  The end caps of the Accused Device do not extend the length of the T-bar, as shown in Exhibit D attached hereto.  Rather, the end caps are situated at the perimeter of the fixture and allow the fixture to be secured to the T-bar without a structure extending the T-bar's length.  Instead, the lack of a central section support structure forms an open space as illustrated in Exhibit C. Therefore, the Accused Device does not include a light source supporting section which is "adjacent" to or "coupled to" a central section.

36.     As a result of the foregoing, Opus's Accused Device does not infringe independent claim 12 of the '896 Patent.

37.     Claims 13-16 of the '896 Patent are dependent on claim 12. Therefore, all of independent claims (13-16) also include the aforesaid elements and limitations of:

> A lighting assembly comprising . . . a housing . . . the housing including . . .
> a <u>longitudinally extending central section</u> configured to couple to a T-bar of a suspension ceiling to support the housing when fitted to the T-bar,
> <u>a light source supporting section coupled to the central section, wherein the light source supporting section extends from a first side adjacent the central section to a second side spaced apart from the central section</u> . . . ."

38.     Since Opus's Accused Device neither includes a "longitudinally extending central section," nor a "a light source supporting section coupled to the central section . . . adjacent the central section" as required in independent claim 12 as well as dependent claims 13-16 of the '896 Patent, the Accused Device does not infringe claims 12-16 of the '896 Patent.

39.     In light of the facts set forth in paragraphs 18-38 above, the Accused Device does not infringe any claims of the '896 Patent.

## COUNT II OF COUNTERCLAIMS
## DECLARATION OF INVALIDITY

40.     The allegations of paragraphs 1-39 above are incorporated herein as if fully set forth here at length.

41.     As a counterclaim and ground for relief, Opus seeks a Declaratory Judgment that the '896 Patent is invalid for failure to comply with the conditions and requirements for patentability specified in Title 35 U.S.C., including, but not limited to, 35 U.S.C. §§ 102, 103, and/or 112.

42.     The claims of the '896 Patent are anticipated and/or made obvious under 35 U.S.C. §102 and/or §103 based on the following prior art references, either alone or in combination with one or more references on this list and/or with one or more prior art references that were cited during prosecution of the application that issued as the '896 Patent:

| U.S. PATENT NO. | FILING DATE |
|---|---|
| 5,709,460 | December 17, 1996 |
| 5,777,857 | October 16, 1995 |
| 8,646,941 | June 14, 2011 |
| 9,595,845 | November 14, 2014 |
| 10,278,250 B2 | May 30, 2014 |

| U.S. PATENT APPLICATION NO. | FILING DATE |
|---|---|
| 2004/0213003 | April 23, 2003 |
| 2016/0116136 | October 28, 2014 |

| FOREIGN PATENT DOCS. | PUBLICATION DATE |
|---|---|
| EP 2,650,599 A1 | October 16, 2013 |

Opus reserves the right to add prior art found in its continuing searches and/or identified during discovery.

43.     The '896 Patent is also invalid under 35 U.S.C. §112 for insufficient disclosure and for failure to particularly point out and definitively claim non-ambiguously the invention in the application that issued as the '896 Patent for at least the following reasons:

44.     The '896 Patent is invalid under 35 U.S.C. §112 for lack of written description, as the specification of the application that issued as the '896 Patent did not sufficiently describe the technology sought to be patented.

45.     The '896 Patent is invalid under 35 U.S.C. §112 for lack of written description for at least the following reasons:

At the time of filing the specification of the application that issued as the '896 Patent, there was no articulation of the meaning of "central section" as required by each of the '896 Patent's claims.

46.     At the time of filing the specification of the application that issued as the '896 Patent, there was no articulation of the meanings of "longitudinal axis" as required by the '896 Patent's claims 1-11 or "longitudinally extending" as required by the '896 Patent's claims 12-16.

47.     As a result, the specification of the application that issued as the '896 Patent did not adequately describe, at the time the application was filed, the nature of the technology sought

to be patented—particularly the meanings of "central section," "longitudinal axis," and "longitudinally extending."   Therefore, each claim of the '896 Patent is invalid for lack of written description.

48.   The '896 Patent is also invalid under 35 U.S.C. §112 for lack of enablement, as the specification of the application that issued as the '896 Patent, at the time the application was filed, would not have taught one skilled in the art how to make and/or use the full scope of the claimed invention without undue experimentation.

49.   The '896 Patent is invalid under 35 U.S.C. §112 for lack of enablement for at least the following reasons:

At the time of filing, the specification of the application that issued as the '896 Patent did not mention or discuss the term "central section."

50.   The specification of the application that issued as the '896 Patent also did not mention or discuss the term "longitudinal axis" required by claims 1-11 of the '896 Patent or the term "longitudinally extending" required by claims 12-16 of the '896 Patent at the time of the application's filing.

51.   Therefore, the specification of the application that issued as the '896 Patent, at the time the application was filed, would not have taught one skilled in the art how to make and/or use the full scope of the claimed invention without undue experimentation, particularly how to make and/or use a "central section," a "horizontal portion extending along a length of the T-bar parallel to a longitudinal axis of the T-bar," and "a longitudinally extending central section," as the application that issued as the '896 Patent only offers "vague intimations of general ideas that may or may not be workable . . ." as to the meaning of the aforementioned features of the invention.

## RELIEF REQUESTED

WHEREFORE, Opus prays for the following relief:

1.      A judgment against Plaintiff and in favor of Defendant and dismissing with prejudice Plaintiff's Complaint and all claims asserted therein against Defendant.

2.      A judgment declaring that the asserted claims of U.S. Patent No. 10,808,896 is invalid and not infringed literally or under the doctrine of equivalents – directly or contributorily or by inducement – by Defendant.

3.      A judgment that this is an exceptional case pursuant to 35 U.S.C. § 285, and an award to Defendant of its costs and reasonable attorneys' fees, together with interest, including prejudgment interest, thereon.

4.      Such other and further relief as may be deemed just and appropriate.

## DEMAND FOR JURY TRIAL

DEMAND FOR JURY TRIAL ON DEFENDANT'S COUNTERCLAIMS IS HEREBY MADE.

Respectfully submitted,

CAESAR RIVISE, PC

Dated: February 23, 2021                    By____/s/ James J. Kozuch_____
                                                                James J. Kozuch (43600)
                                                                1635 Market Street
                                                                Seven Penn Center – 12th Floor
                                                                Philadelphia, PA 19103
                                                                Tel:  (215) 567-2010
                                                                Fax: (215) 751-1142
                                                                jkozuch@caesar.law

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the within DEFENDANT'S ANSWER AND COUNTERCLAIMS is being served upon counsel of record for Plaintiff, via electronic mail, on this February 23, 2021, as follows:

David J. Wolfsohn (PA ID 57974)
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, Pa 19103
215-979-1000
Email: DJWorlfsohn@duanemorris.com

Tyler Marandola (PA ID 313585)
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, Pa 19103
215-979-1000
Email: TMarandola@duanemorris.com

Joseph Powers (PA ID 84590)
DUANE MORRIS LLP
30 S. 17th Street
Philadelphia, Pa 19103
215-979-1000
Email: JAPowers@duanemorris.com

*Counsel for the Plaintiff*

Respectfully submitted,

CAESAR RIVISE, PC

Dated: February 23, 2021                    By     **/s/ James J. Kozuch**
                                                 James J. Kozuch (43600)
                                                 1635 Market Street
                                                 Seven Penn Center – 12th Floor
                                                 Philadelphia, PA 19103
                                                 Tel:  (215) 567-2010
                                                 Fax: (215) 751-1142
                                                 jkozuch@caesar.law